IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON J. LIVINGSTON,<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF TULSA and STATE OF OKLAHOMA,**<br><br>**Defendants.** | Case No. 24-CV-0360-JFH-JFJ |

## OPINION AND ORDER

Plaintiff Aaron J. Livingston ("Livingston"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 11. Before the Court is the Motion to Dismiss ("Motion") submitted by Defendant State of Oklahoma (the "State"). Dkt. No. 23. The Third Amended Complaint is also before the Court, *sua sponte*, for screening as well as Livingston's Motion for Summary Judgment [Dkt. No. 20] and Motion to Supplement [Dkt. No. 25]. For the reasons discussed herein, Oklahoma's Motion is GRANTED, Livingston's claims against the City of Tulsa are DISMISSED and Livingston's motions [Dkt. Nos. 20 and 25] are DENIED AS MOOT.

## BACKGROUND

Livingston initiated this suit raising several claims stemming from his arrest on April 19, 2023. *See* Dkt. No. 11. Livingston contends he was unreasonably searched and seized (Claim 1), he was falsely arrested (Claim 2), authorities used excessive force (Claim 2), he was falsely imprisoned (Claim 3), and he was maliciously prosecuted (Claim 4) in violation of the Fourth Amendment. *See* Dkt. No. 11 at 11-18.[1] Livingston asserts Claims 1, 3 and 4 against the State.

---

[1] The Court's citations refer to the CM/ECF header pagination.

*See id.* at 12, 14, 15, 23, 24-26.  And, Livingston asserts Claims 1 through 4 against the City of Tulsa.  *See id.* at 11-17.

## DISCUSSION

### I.     Oklahoma's Motion to Dismiss

The State moved to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing it is entitled to Eleventh Amendment immunity.  Dkt. No. 23.  Livingston filed a Response to the State's Motion wherein he argued the State has waived Eleventh Amendment immunity, citing Okla. Stat. tit. 51, § 152.1(B) as support.  *See* Dkt. No. 26.  Section 152.1(B) is a part of the State's Governmental Tort Claims Act ("GTCA").  The State submitted a Reply noting that Livingston's Third Amended Complaint is comprised of Fourth Amendment claims, and that he did not allege a state law tort claim.  *See* Dkt. No. 35.  The State further argued that if Livingston's Third Amended Complaint is construed as stating a state law tort claim against it, Livingston failed to comply with the GTCA notice requirements.  *Id.*  Livingston, without leave of Court, filed a Sur-Reply wherein he argued that he did allege a violation of state laws in his Third Amended Complaint, he did provide the defendants with the requisite GTCA notice, and defendant did not have "sovereign immunity in Indian Country or on tribal lands."  *See* Dkt. No. 36.

As an initial matter, even liberally construing Livingston's Third Amended Complaint,[2] Livingston does not allege a state law tort claim.  *See* Dkt. No. 11.  Livingston does cite various Oklahoma statutes throughout his Third Amended Complaint.  *See, e.g., id.* at 19-22.  Livingston also quotes Okla. Stat. tit. 51, § 153(c).  *Id.* at 10.  However, Livingston cites these state statutes

---

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

as supporting his Fourth Amendment claims, not as a standalone state law tort claim. *See id.* at 19-22.

Having dispensed with Livingston's Response arguments regarding the assertion of a state law claim, the Court now turns to Oklahoma's Eleventh Amendment immunity argument. The State maintains it enjoys sovereign immunity under the Eleventh Amendment and, thus, the action must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. 23 at 4-6; *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Id.* Because the State's Rule 12(b)(1) challenge constitutes a facial attack on the allegations of subject matter jurisdiction, the Court presumes the allegations contained in the Third Amended Complaint to be true. *Id.*

"The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *Good v. Dep't of Educ.*, 121 F.4th 772, 788 (10th Cir. 2024) (emphasis and internal quotations omitted); *see* U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996). The bar "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity, however, "is not absolute." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).

> There are three exceptions. First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

3

*Id.* (citations omitted). "Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012);[3] accord *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). And since the Court concluded Livingston failed to allege a state law tort claim, the Court need not address whether the State has waived sovereign immunity for purposes of the GTCA. Nor has Congress abrogated states' sovereign immunity through enactment of 42 U.S.C. § 1983. *Berry*, 495 F. App'x at 921-22. Finally, Livingston has not named any individual state officers. *See* Dkt. No. 11 at 2. Therefore, the State is entitled to Eleventh Amendment immunity, and the Court dismisses the State from this litigation.

## II. Claims against the City Tulsa

Because this Court granted Livingston leave to proceed *in forma pauperis*, this Court has a continuing obligation to dismiss this action "at any time" if the complaint— "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court now, *sua sponte*, turns to Livingston's allegations against the City of Tulsa.[4]

In determining whether dismissal is appropriate, a court must accept as true all well-pleaded facts and view those facts in the plaintiff's favor. *Santa Fe All. for Public Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021). When, as here, a plaintiff appears without counsel, the court must liberally construe the complaint. *Hall*, 935 F.2d at 1110. This means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of

---

[3] The Court cites all unpublished decisions herein for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[4] The Court acknowledges the City of Tulsa has not been served. Dkt. No. 38. Nevertheless, the Court is still permitted to screen the Third Amended Complaint. 28 U.S.C. § 1915(e)(2)(B).

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Nonetheless, "'when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief,' the cause of action should be dismissed." *Elias v. DeLapp,* Case No. 17-CV-220-GKF, 2017 WL 2454074, at *1 (N.D. Okla. June 6, 2017) (unpublished) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

Livingston asserts each of his Fourth Amendment claims against the City of Tulsa. *See* Dkt. No. 11 at 11, 13 and 15. The Court understands Livingston's claims against the City of Tulsa as being premised on his assertion that it did not have authority to arrest him because the victim of his purported crimes was an Indian. *Id.* at 11-12. Livingston repeats throughout his Third Amended Complaint that the City of Tulsa was without jurisdiction to arrest and detain him. *See id.* at 11 ("Tulsa had no jurisdiction to arrest the Plaintiff[.]"), 13 ("Tulsa lacked jurisdiction to seize the Plaintiff" and "Tulsa … imprisoned the Plaintiff fals[e]ly, with no jurisdiction[.]"), 15 ("Tulsa … caused the Plaintiff to be confined by its false arrest, where it had no legal authority/ jurisdiction[.]"). Livingston relies upon *Bosse v. State*, 484 P.3d 286 (Okla. Crim. App. 2021) and *Grayson v. Lewis*, 485 P.3d 250 (Okla. Crim. App. 2021) (Lewis, J. specially concurring), for this proposition. However, the United States Supreme Court's decision in *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), forecloses Livingston's position.

The *Castro-Huerta* Court held "the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country," 597 U.S. at 633; and (2) reaffirmed that "[s]tates have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country," *id.* at 637. Therefore, Livingston has failed to raise a plausible a Fourth Amendment violation against the City of Tulsa premised upon the

purported lack of jurisdiction to arrest and detain him as a non-Indian.[5] For these reasons, the Court dismisses Livingston's claims against the City of Tulsa for failure to state a claim upon which relief may be granted.

### III. Miscellaneous Motions

Livingston also filed a Motion for Summary Judgment [Dkt. No. 20] on April 8, 2025, and a Motion to Supplement his Motion for Summary Judgment [Dkt. No. 25] on April 18, 2025. Having concluded Livingston failed to state a claim against either the State or the City of Tulsa, the Court DENIES AS MOOT Livingston's Motion for Summary Judgment [Dkt. No. 20] and Motion to Supplement [Dkt. No. 25].

### CONCLUSION

As explained above, dismissal of Livingston's claims against the State and the City of Tulsa is appropriate. The remaining question is whether this action should be dismissed with or without prejudice. Because the Eleventh Amendment bars Livingston's claims against the State, the Court dismisses the Third Amended Complaint, in part, without prejudice, for lack of subject matter jurisdiction. But dismissal with prejudice "is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (quoting *Knight v. Mooring Capital Fund*, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014)). Livingston was provided four (4) opportunities and guidance from the Court to

---

[5] The Court notes Livingston's references throughout his Third Amended Complaint to "Section 100-101 Municipal Criminal Court/Additional Jurisdiction" ordinances, "§ 14 of the Curtis Act" and other sections of "local law" as the purported "ordinance, custom, and usage" supporting his municipal liability claims. *See* Dkt. No. 11 at 11-13, 15, 19-21, 23. While a municipal policy can include "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or "issued by a municipal department or its officials" for purposes of municipal liability under § 1983, the Court need not address the alleged policies since Livingston failed to allege a cognizable Fourth Amendment claim. *Brown v. City of Tulsa,* 124 F.4th 1251, 1264 (10th Cir. 2025) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978)).

6

state a plausible claim. *See* Dkt. Nos. 1, 5, 9, 11 (Livingston's Complaints); *see also* Dkt. Nos. 3 and 8 (Court orders directing Livingston to file an amended complaint and providing guidance). Given after four (4) attempts Livingston has failed to state a plausible claim against any defendant, the Court finds and concludes that any further amendment would be futile and dismisses the Third Amended Complaint, in part, with prejudice, as to the claims against the City of Tulsa.

IT IS THEREFORE ORDERED that Defendant State of Oklahoma's Motion to Dismiss [Dkt. No. 23] is GRANTED and the Third Amended Complaint is DISMISSED WITHOUT PREJUDICE, in part, for lack of subject matter jurisdiction as to the claims asserted against Defendant State of Oklahoma.

IT IS FURTHER ORDERED that the Third Amended Complaint is DISMISSED WITH PREJUDICE, in part, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted as to the claims asserted against Defendant City of Tulsa.

IT IS FURTHER ORDERED that Plaintiff Aaron Livingston's Motion for Summary Judgment [Dkt. No. 20] and Motion to Supplement [Dkt. No. 25] are DENIED AS MOOT.

IT IS FURTHER ORDERED that this is a final order terminating this action.

IT IS FURTHER ORDERED that a separate judgment shall be entered herewith.

Dated this 28th day of October 2025.

                                                JOHN F. HEIL, III
                                                CHIEF UNITED STATES DISTRICT JUDGE